UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF OREGON et al., <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>ALEX M. AZAR II et al., <br><br>　　　　　　Defendants. <br><br>AMERICAN MEDICAL ASSOCIATION et al., <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>ALEX M. AZAR II et al., <br><br>　　　　　　Defendants. | Case No. 6:19-cv-00317-MC (Lead Case) <br> Case No. 6:19-cv-00318 (Trailing Case) <br><br> PLAINTIFFS' JOINT REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY |

　　　　In a document styled a "response" to Plaintiffs' notice of supplemental authority, Defendants have in fact filed an affirmative motion to stay these proceedings, without so much as identifying the legal standard that applies to stay requests in this Circuit, or even complying with local rules that require all parties to confer before seeking affirmative relief. Doc. No. 138; see Local R. 7-1(a). Plaintiffs seek leave to file this brief response to Defendants' new arguments, and urge the Court to reject Defendants' improper motion.

　　　　Defendants ask this Court to stay consideration of Plaintiffs' motion for preliminary injunction pending final resolution of the preliminary injunction entered yesterday in *Washington*

Page 1 - JOINT REPLY TO DEFENDANTS' RESPONSE TO
NOTICE OF SUPPLEMENTAL AUTHORITY

*v. Azar*, 1:19-cv-03040-SAB (E.D. Wash. Apr. 25, 2019), ECF No. 54 (the "Washington Order"). To start, HHS requests a stay but does not address the legal standard for obtaining one. *See, e.g.*, *Accentcare Home Health of Ruge Valley, LLC v. Bliss*, 2017 WL 2464436, at *1 (D. Or. June 7, 2017) (McShane, J.). As the Supreme Court and Ninth Circuit have made clear, "'[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-1111 (9th Cir. 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936)). This case is not that rare circumstance. To the contrary, here, the "three competing interests" weigh against HHS—*i.e.*, against a stay. *Accentcare Home Health of Ruge Valley*, 2017 WL 2464436, at *1. Plaintiffs surely face "possible damage" from the granting of a stay because Plaintiffs will be unprotected if the *Washington* injunction is reversed or limited on appeal. A stay would also deprive the Ninth Circuit of the benefit of another reasoned lower court decision on important issues of law and fact. *See id.* HHS does not, however, even hint that it would suffer "hardship or inequity" absent a stay. Plaintiffs thus respectfully request that the Court rule on their motion for preliminary injunction.

Moreover, the Washington Order does not moot the irreparable harms Plaintiffs have demonstrated in this case simply because it establishes an alternative basis for a preliminary injunction. The Washington court granted injunctive relief based on the submissions before it. That does not, however, preclude this Court from considering whether an injunction is proper in light of the evidence and arguments here. In particular, Plaintiffs submitted dozens of declarations from States, State providers, Planned Parenthood affiliates, experts, and American Medical Association and Oregon Medical Association members in this case that were not considered in the Washington Order. And the Plaintiffs here asserted claims and arguments that

the Washington plaintiffs did not assert, such as procedural violations of the Administrative Procedure Act.  *See California Med. Ass'n v. Douglas*, 848 F. Supp. 2d 1117, 1124 n.1 (C.D. Cal. 2012), *rev'd on different grounds in Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235 (9th Cir. 2013) ("The Director argues that the present action is redundant and that Plaintiffs cannot establish irreparable harm [because of a parallel injunction under the APA]. . . . The Court finds this argument unavailing because the issuance of a preliminary injunction in an overlapping case does not operate to moot a parallel action because the original order is 'subject to reopening.'").

Given Defendants' insistence that preliminary nationwide relief should rarely be available, *see* Opp. 61-65, HHS's arguments are disingenuous at best, and in clear conflict with the Department of Justice's settled position on the "utility" for purposes of appellate review "of multiple lower court decisions on a contested legal issue."  DOJ Memo re *Litigation Guidelines for Cases Presenting the Possibility of Nationwide Injunctions*, at 4 (Sept. 13, 2018) (recognizing the benefit for purposes of appeal of "multiple reasoned lower court opinions and the consequences that have flowed from them").  Ignoring its own instructions, it is the federal government that seeks through its request to "thwart the development of important questions of law by freezing the first … decision rendered on a particular legal issue." *Id.*

Indeed, Defendants have already confirmed that they are considering an appeal and a request to stay the Washington court's preliminary injunction, which makes the possibility of reopening the Washington Order more likely.  *See Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1023 (9th Cir. 2016) (irreparable harm existed where defendants entered into stipulation but could terminate the stipulation with 60-days notice); *California Med. Ass'n*, 848 F. Supp. 2d at 1124 n.1 ("In this case, the Director has already filed an appeal of the preliminary injunction this Court issued in the [parallel action]. [P]laintiffs in this case present different legal theories

and new developments that were not presented in [the parallel action.]") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (a controversy "remains live" while it is pending appeal)).  Furthermore, if Defendants intend to appeal all adverse decisions within the Ninth Circuit, it is more efficient, as a matter of judicial economy, for the Court of Appeals to consider all the bases for the preliminary injunctions at once, instead of one after the other.

Finally, in numerous recent instances, entry of nationwide injunctive relief by one district judge did nothing to interfere with adjudication of similar or identical challenges to federal agency action by other federal judges in other districts.  *See, e.g.*, *Kravitz v. U.S. Dep't of Commerce*, No. 8:18-cv-01041-GJH, at 117-18 (D. Md. Apr. 5, 2019) (vacating agency decision to add citizenship question to U.S. Census and issuing nationwide permanent injunction); *California v. Ross*, 358 F. Supp. 3d 965, 1049-51 (N.D. Cal. 2019) (same); *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 673-78 (S.D.N.Y. 2019) (same); *NAACP v. Trump*, 315 F. Supp. 3d 457, 460-62 (D.D.C. 2018) (in denying reconsideration of vacatur of agency decision to rescind the Deferred Action for Childhood Arrivals program, noting that the same rescission had been preliminarily enjoined without geographic limitation in district courts in California and New York).[1]  The court in another Title X Final Rule challenge, in fact, *State of California v. Azar,* 19-cv-01184-EMC (N.D. Cal. Apr. 26, 2019), ECF No. 103, p. 3, n. 1, just today issued a preliminary injunction ruling, "The recent injunction issued against Defendants'

---

[1] The cases that Defendants cite, both within the context of federal government's restrictions on entry of certain foreign nationals (the "Travel Ban"), confirm the practice of district courts issuing overlapping injunctions.  *See Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), ECF No. 143, at 3-4 (recognizing that other courts had issued overlapping injunctions with respect to the Travel Ban but staying decision because the Supreme Court had already stayed other injunctions issued); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017) (staying consideration of injunctive relief where Ninth Circuit decision was imminent, but issuing overlapping injunction with Maryland district court on Travel Ban months later in *State v. Trump*, 265 F. Supp. 3d 1140, 1145 (D. Haw. 2017)).

implementation of the Final Rule by Judge Bastian in *State of Washington v. Azar*, No. 1:19-cv-3040 (E.D. Wash. filed Mar. 5, 2019), does not obviate this Court's duty to resolve the dispute before it."

The Court should accordingly reject Defendants' motion to stay these proceedings.

DATED:  April 26, 2019

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
SCOTT J. KAPLAN #913350
Senior Assistant Attorney General, Trial Attorneys
100 SW Market St
Portland, OR 97201
Tel (971) 673-1880 Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Scott.Kaplan@doj.state.or.us
*Attorneys for State of Oregon*

LETITIA JAMES
Attorney General, State of New York

*s/ Matthew Colangelo*
MATTHEW COLANGELO,
Chief Counsel for Federal Initiatives
(Special Admission Granted)
LISA LANDAU
Bureau Chief, Health Care
(Special Admission Granted)
MING-QI CHU
KATE MATUSCHAK
Assistant Attorneys General
Office of the New York State Attorney General
28 Liberty St., 19th Floor
New York, NY 10005
Phone: (212) 416-6305
Matthew.Colangelo@ag.ny.gov
Lisa.Landau@ag.ny.gov
Ming-Qi.Chu@ag.ny.gov
Kate.Matuschak@ag.ny.gov
*Attorneys for State of New York*

Page 5 - JOINT REPLY TO DEFENDANTS' RESPONSE TO
NOTICE OF SUPPLEMENTAL AUTHORITY

| | |
|---|---|
| | *s/ Jeremy D. Sacks* |
| Alan E. Schoenfeld* | Jeremy D. Sacks, OSB 994262 |
| WILMER CUTLER PICKERING HALE AND DORR LLP | Per A. Ramfjord, OSB 934024 |
| | Kennon Scott, OSB 144280 |
| 7 World Trade Center | STOEL RIVES LLP |
| 250 Greenwich Street | 760 SW Ninth Avenue, Suite 3000 |
| New York, NY 10007 | Portland, OR 97205 |
| Tel.: (212) 230-8800 | Tel.: (503) 224-3380 |
| Fax: (212) 230-8888 | Fax: (503) 220-2480 |
| alan.schoenfeld@wilmerhale.com | jeremy.sacks@stoel.com |
| *Pro hac vice* | per.ramfjord@stoel.com |
| *Counsel for Plaintiffs Planned Parenthood Federation of America, Inc., Planned Parenthood of Southwestern Oregon, Planned Parenthood Columbia Willamette, Thomas N. Ewing, M.D., and Michele P. Megregian, C.N.M.* | kennon.scott@stoel.com |
| | *Counsel for All Plaintiffs in 6:19-cv-00318-MC (Trailing Case)* |
| Paul R.Q. Wolfson* | Brian D. Vandenberg* |
| Kimberly A. Parker* | Leonard A. Nelson* |
| Albinas J. Prizgintas* | Erin G. Sutton* |
| Joshua M. Koppel* | AMERICAN MEDICAL ASSOCIATION |
| WILMER CUTLER PICKERING HALE AND DORR LLP | Office of General Counsel |
| | 300 N. Wabash Avenue |
| 1875 Pennsylvania Avenue NW | Chicago, IL 60611 |
| Washington, DC 20006 | brian.vandenberg@ama-assn.org |
| Tel.: (202) 663-6000 | leonard.nelson@ama-assn.org |
| Fax: (202) 663-6363 | erin.sutton@ama-assn.org |
| paul.wolfson@wilmerhale.com | *Pro hac vice* |
| kimberly.parker@wilmerhale.com | *Counsel for Plaintiffs American Medical Association and Oregon Medical Association* |
| albinas.prizgintas@wilmerhale.com | |
| joshua.koppel@wilmerhale.com | |
| *Pro hac vice* | |
| *Counsel for Plaintiffs Planned Parenthood Federation of America, Inc., Planned Parenthood of Southwestern Oregon, Planned Parenthood Columbia Willamette, Thomas N. Ewing, M.D., and Michele P. Megregian, C.N.M.* | Mark Bonanno, OSB 942535* |
| | OREGON MEDICAL ASSOCIATION |
| | General Counsel |
| | 11740 SW 68th Parkway, Suite 100 |
| | Portland, OR 97223 |
| | mark@theoma.org |
| | *Pro hac vice* |
| | *Counsel for Plaintiffs American Medical Association and Oregon Medical Association* |

Helene T. Krasnoff*
Carrie Y. Flaxman*
PLANNED PARENTHOOD
  FEDERATION OF AMERICA, INC.
1110 Vermont Avenue, NW, Suite 300
Washington, D.C.  20005
Tel.: (202) 973-4800
Fax: (202) 296-3480
helene.krasnoff@ppfa.org
carrie.flaxman@ppfa.org
*Pro hac vice
*Counsel for Plaintiffs Planned Parenthood Federation of America, Inc., Planned Parenthood of Southwestern Oregon, Planned Parenthood Columbia Willamette, Thomas N. Ewing, M.D., and Michele P. Megregian, C.N.M.*