JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

ANDREW M. BERNIE (DC Bar No. 995376)
R. CHARLIE MERRITT (VA Bar No. 89400)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 616-8488
Fax: (202) 616-8470
andrew.m.bernie@usdoj.gov
robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| **STATE OF OREGON et al.,** | Consolidated Civil Action Nos. |
| | 6:19-cv-00317-MC (Lead Case) |
| Plaintiffs, | 6:19-cv-00318-MC |
| v. | |
| **ALEX M. AZAR II et al.,** | |
| Defendants. | **DEFENDANTS' MOTION FOR STAY** |
| | **OF PROCEEDINGS PENDING APPEAL** |
| AND | **OF THIS COURT'S PRELIMINARY** |
| | **INJUNCTION** |
| **AMERICAN MEDICAL ASSOCIATION et al.,** | |
| Plaintiffs, | |
| v. | |
| **ALEX M. AZAR II et al.,** | |
| Defendants. | |

1 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF
PRELIMINARY INJUNCTION

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to LR 7-1(a), undersigned counsel certifies that he conferred with counsel for Plaintiffs by telephone and made a good faith effort to resolve the disputed issues addressed in this motion, but was unable to resolve the dispute.

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants hereby move to stay further district court proceedings pending appellate review of the Court's order granting a preliminary injunction. The reasons for this motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

## INTRODUCTION

On April 29, 2019, this Court issued a nationwide preliminary injunction against the rule at issue in this case ("Rule").[1]  *See* ECF No. 142 ("PI Order").  The Ninth Circuit stayed that injunction as well as injunctions issued by courts in California and Washington, and will "proceed expeditiously to rehear and reconsider the merits of the Appellants'" stay motions.[2]  In addition, Ninth Circuit briefing on Defendants' appeal of the preliminary injunctions themselves will be completed this Monday (July 22).

Under these circumstances, the Court should stay further district court proceedings pending the Government's appeal of the preliminary injunction.  Defendants acknowledge that it is often appropriate for district courts to continue proceedings while a preliminary injunction appeal is pending.  But this is decidedly not such a circumstance.  The issues raised on appeal are legal in

---

[1] *See* Compliance with Statutory Program Integrity Requirements, 84 Fed. Reg. 7714 (Mar. 4, 2019).

[2] *See* Order, *California v. Azar*, No. 19-15974 (9th Cir. July 11, 2019), ECF No. 86.

2 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

nature, and there is a good chance that the appeal will effectively resolve this litigation entirely. At the very least, the Ninth Circuit's disposition of the appeal is almost certain to substantially shape and drastically narrow the issues in this Court.

Under these circumstances, it would be a waste of the parties' and the Court's time and resources to litigate these cases to decision now. Plaintiffs, moreover, will not be harmed by a stay for much the same reason: because the Ninth Circuit appeal is likely to be outcome-determinative, Plaintiffs cannot plausibly be harmed by failing to conduct proceedings now that will likely be superseded by whatever the Ninth Circuit soon decides.

## PROCEDURAL HISTORY

On March 4, 2019, the Department of Health and Human Services ("HHS") published the final rule at issue in this litigation. *See* Rule. One day later, Oregon, as well as 19 other states and the District of Columbia, filed a complaint asserting Administrative Procedure Act and constitutional challenges to the Rule. *See* ECF No. 1. The American Medical Association and several other organizations filed suit the same day asserting substantially similar claims. *See AMA v. Azar*, No. 6:19-cv-00318-MC, ECF No. 1. On March 21, Plaintiffs in both cases moved for a preliminary injunction to block implementation of the Rule. *See* ECF No. 35; *AMA*, No. 6:19-cv-00318-MC, ECF No. 42. The next day, the Court granted an unopposed motion to consolidate the two cases for pre-trial proceedings. *See* ECF No. 70.

The Court granted the motions for preliminary injunction and enjoined Defendants from "implementing or enforcing any portion of the Final Rule" nationwide. PI Order at 32. On May 3, 2019, Defendants filed a notice of appeal of the PI Order to the Ninth Circuit, ECF No. 149, and moved the Court for a stay of the preliminary injunction pending appeal, ECF No. 150. The Court denied the motion on May 6. ECF No. 152. On May 10, Defendants moved the Ninth Circuit for

a stay of the preliminary injunction pending its consideration of Defendants' appeal. *See* Mot. for Stay Pending Appeal, *Oregon v. Azar*, No. 19-35386(L) (9th Cir. May 10, 2019), ECF No. 15.

A federal district court in Washington has also issued a nationwide preliminary injunction against the Rule, and Defendants have appealed that injunction. *See Washington v. Azar*, No. 1:19-cv-03040-SAB (E.D. Wash.), ECF Nos. 54 and 57. Another federal district court in California has preliminarily enjoined enforcement of the Rule in California, and Defendants have appealed that injunction as well. *See California v. Azar*, No. 3:19-cv-01184 (N.D. Cal.), ECF Nos. 103 and 108.

On June 19, 2019, the Ninth Circuit stayed all three injunctions pending appeal. *See California v. Azar*, 927 F.3d 1068 (9th Cir. June 20, 2019). The Ninth Circuit subsequently ordered those stay motions to be reheard en banc—and instructed that the motions panel's order not be given precedential effect—but the en banc court later clarified that it had not vacated the panel's stay order, denied the Plaintiffs' motions for an administrative stay of the stay order, and pledged to resolve the merits of the stay motions expeditiously. *See* Order, *California v. Azar*, No. 19-15974 (9th Cir. July 11, 2019), ECF No. 86. Although a federal district court in Maryland has preliminarily enjoined the Rule's application in Maryland, the Fourth Circuit has likewise stayed that injunction. *See Mayor & City Council of Baltimore v. Azar*, No. 19-1614 (4th Cir. July 2, 2019), ECF No. 23. The Rule is thus now in effect nationwide.[3]

---

[3] A fifth district court recently denied a similar request for a nationwide preliminary injunction against enforcement of the Rule. *See Family Planning Ass'n of Maine v. HHS*, No. 19-cv-100, 2019 WL 2866832 (D. Me. July 3, 2019).

4 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants" (citation omitted)). As to the last factor, courts frequently grant stays pending resolution of proceedings that may "bear upon the case," because a stay is most "efficient for [the Court's] own docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

## ARGUMENT

A stay of district court litigation pending final resolution of Defendants' appeal of this Court's preliminary injunction is clearly warranted and is by far the most prudent course at this juncture. The Ninth Circuit's disposition of the appeal is almost certain to be controlling with respect to the central merits issues presented in this case, and may resolve this litigation entirely. For similar reasons, Plaintiffs will not be harmed by a stay of district court proceedings at this time. And although Defendants recognize that the Washington and California courts have denied

5 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

Defendants' stay motions, those decisions are, respectfully, unpersuasive and indeed simply highlight that a stay is appropriate here.

## I.  THE NINTH CIRCUIT'S DISPOSITION OF THE APPEAL WILL LIKELY NARROW THIS CASE SUBSTANTIALLY AND MAY WELL RESOLVE IT ENTIRELY

A stay is plainly warranted here because the Ninth Circuit's disposition of the appeal is likely to be controlling with respect to the central merits issues presented in this case, rendering additional proceedings duplicative and wasteful.

1.     In granting a preliminary injunction, the Court held that Plaintiffs "are likely to succeed on the merits of their claim that the Final Rule is contrary to law," PI Order at 4, and in particular that the Final Rule "violat[es] the requirement that all pregnancy counseling be nondirective," *id.* at 16.  Defendants of course respectfully disagree with that conclusion but, regardless, whether the Rule's provisions related to abortion referrals and counseling violate the nondirective provision is a question of *law*.  It is not a factual question the resolution of which might vary at different stages of the case.  The Ninth Circuit's disposition of Defendants' appeal thus will likely resolve this issue.

2.     The Court also concluded that there is "at least a strong argument to be made" that the Rule's physical separation requirement "creates unreasonable barriers to Title X clients obtaining appropriate medical care and impedes their timely access to such care," in violation of Section 1554 of the Affordable Care Act, 42 U.S.C. § 18114.  PI Order at 23-24.  Again, whether the separation requirement in fact violates Section 1554 is a legal question, not a factual one.  The Ninth Circuit's disposition of Defendants' appeal will likely resolve this issue as well.

3.     The Ninth Circuit's disposition of the appeal will likely also be controlling as to the antecedent question of whether Plaintiffs have waived any challenge to the Rule under § 1554,

because no commenter invoked this provision.  Rejecting the Government's waiver argument, the Court concluded that HHS had "'the opportunity to consider the issue'" because, although no one "specifically point[ed] to 42 U.S.C. § 18114," various comments could be "match[ed]" to "each prong of the statute."  PI Order at 22.  Whether this is sufficient to raise an issue for purposes of a facial challenge is a legal question.  And since the comments preceding the Rule were publicly available during the preliminary-injunction briefing (and indeed, this Court extensively discussed them), analysis of this issue is unlikely to differ at a later stage of the case.[4]

      4.     The Ninth Circuit's decision is also likely to resolve Plaintiffs' claims that the Rule is arbitrary and capricious, or at least substantially narrow those claims.  For example, the Court held that HHS failed to meaningfully consider evidence that the Rule (in the Court's view) appears to force providers to drop out of the program or violate medical ethics.  PI Order at 24, 27.  But HHS addressed this issue in the Rule itself and, if the Ninth Circuit concludes that HHS's explanation on this point was adequate, that conclusion would be controlling.

      Similarly, although the Court agreed with Plaintiffs that HHS failed to adequately counter Plaintiffs' predictions that the Rule would create a vacuum caused by a predicted withdrawal of incumbent providers, *id.* at 29, if the Ninth Circuit concludes that HHS adequately addressed these contentions—or that, in any event, HHS could permissibly prohibit activities within the Title X program that it reasonably concluded are unlawful under the best reading of the Title X statute— very little if any of this aspect of Plaintiffs' arbitrary-and-capricious challenge would remain. Likewise, were the Ninth Circuit to credit the Secretary's justifications for the physical separation requirement—among other things, the economic reality that "[i]f the collocation of a Title X clinic

---

[4] Whether this Court was correct in its broader suggestion that a party may not waive a challenge to "the scope of the agency's authority," PI Order at 22, is likewise a question of law.

7 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

with an abortion clinic permits the abortion clinic to achieve economies of scale, the Title X project (and, thus, Title X funds) would be supporting abortion as a method of family planning," 84 Fed. Reg. at 7766—that would likely preclude Plaintiffs' challenge to that requirement.

Plaintiffs of course disagree with all of these arguments and, as the Court's preliminary-injunction decision underscores, this Court may be skeptical of the Government's contentions as well. But conversely, if the Ninth Circuit were to rule against *Defendants* on these issues, that may effectively resolve the arbitrary-and-capricious claims in Plaintiffs' favor. At the very least, any Ninth Circuit decision addressing the arbitrary-and-capricious claims would certainly play a central role in the parties' briefing, and the Court's ultimate merits decision on that issue. Again Defendants respectfully submit that it would be a waste of the parties' and the Court's time and resources to brief—and for the Court to potentially decide—the ultimate merits when that work is likely to be mostly (if not entirely) academic once the preliminary injunction appeal is resolved.

\*\*\*

In short, rather than having the parties and the Court spend time and resources briefing and considering legal issues that are soon to be determined by the Ninth Circuit, the more prudent and efficient course is to await final resolution of the appeal before proceeding to any such briefing and/or consideration, if necessary. *See Washington v. Trump*, 2017 WL 1050354, at \*5 (W.D. Wash. Mar. 17, 2017) (granting a stay pending appeal and concluding that because "many of the legal arguments" presented in a motion for preliminary relief were "likely to be before the Ninth Circuit," it would "waste judicial resources to decide these issues . . . when guidance from the Ninth Circuit is likely to be available soon"); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (staying district court proceedings pending appellate review of a nationwide injunction to "facilitate the orderly course of justice"). Doing so would reduce the risk of "inconsistent rulings"

8 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

between this Court and the Ninth Circuit that will need to be "disentangle[d]." *Washington*, 2017 WL 1050354, at *5. A stay, therefore, is most "efficient for [the Court's] own docket and the fairest course for the parties." *Leyva*, 593 F.2d at 863.

## II.    PLAINTIFFS WOULD NOT BE HARMED BY A STAY

In contrast to the wasteful drain on resources that will result if this case proceeds before Defendants' appeal is resolved, Plaintiffs will suffer no harm from a stay of district court proceedings. In granting the Government's motion for a stay of the Court's preliminary injunction, the Ninth Circuit held that the harm to the plaintiffs from such a stay would be "comparatively minor." *California v. Azar*, 927 F.3d 1068, 1080 (9th Cir. June 20, 2019). And although the Ninth Circuit has since ordered that the cases be reheard en banc and instructed that the motions panel's order not be given precedential effect, the en banc court declined to vacate the stay order itself. *See* p. 4, *supra*.

But even assuming arguendo that Plaintiffs are harmed by a stay of *the injunction*, they are still not harmed by a stay *of district court proceedings*. As discussed above, the Ninth Circuit's disposition of the preliminary-injunction appeal is likely to be controlling with respect to many (perhaps all) of the central merits issues in this case. Plaintiffs cannot be harmed by a failure to conduct district-court proceedings that, depending on the Ninth Circuit's decision, will either be wholly wasteful (if the Ninth Circuit's decision effectively resolves Plaintiffs' challenges), or at the very least will need to be substantially relitigated in light of the Ninth Circuit's decision.

## III.    THE DECISIONS BY THE CALIFORNIA AND WASHINGTON COURTS DENYING STAYS ARE UNPERSUASIVE

Notwithstanding the above, Defendants recognize that the courts in California and Washington considering similar challenges to the Rule have recently denied Defendants' stay motions. *See California v. Azar et al.*, 3:19-cv-01184-EMC, ECF No. 132 (N.D. Cal. July 9, 2019)

9 – DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL OF PRELIMINARY INJUNCTION

("California Order"); *Washington v. Azar*, No. 1:19-cv-03040-SAB, ECF No. 86 (E.D. Wash. June 14, 2019) ("Washington Order").  Those decisions, however, are not persuasive and should not be followed here.

 *First*, both courts cited the Ninth Circuit's recent decision in *California v. Azar*, in which the court stated that it has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." 911 F.3d 558, 583 (9th Cir. 2018); *see* Washington Order at 2; California Order at 2.  But in *California*, the district court "failed to give any particular reason for the stay." 911 F.3d at 584.  And the Ninth Circuit admonished the district court "not to delay *trial preparation*," where a "fully developed factual record may be materially different from that initially before the district court." *Id.* at 583-84 (emphasis added) (quotation marks omitted).  Here, the merits are likely to be resolved on the basis of the administrative record and dispositive motions practice (not trial), and the dispositive issues are legal in nature.  This is thus plainly not a case in which the Ninth Circuit's decisions "may provide little guidance as to the appropriate disposition on the merits." *Id.* at 584 (quotation marks omitted).

 *Second*, the California court characterized the Ninth Circuit's forthcoming decisions as a mere "preview [of] the merits of the case," and cited "the limited scope of [appellate] review of the law applied by the district court."  California Order at 2 (quotation marks omitted).  But in the context of this case, this suggestion blinks reality.  It is well established that "[a] fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal." *Sherley v. Sebelius*, 689 F.3d 776, 783 (D.C. Cir. 2012) (collecting cases) (quoting Fed. Prac. & Proc. Juris. § 4478.5 (2d ed.)).  And independent of the law-of-the-case doctrine, the Ninth Circuit's legal rulings are of course precedent that is binding on courts within the Ninth Circuit.

As noted above, the issues in this case turn on questions of law and there is every reason to expect that the Ninth Circuit's forthcoming decision will be substantially (if not completely) controlling in any future proceedings in this case.

*Third*, the California Court noted that the administrative "record has now been produced and will ground the litigation going forward." California Order at 3. But there is no reason to think the content of the administrative record will—or even plausibly could—affect analysis of Plaintiffs' contrary-to-law claims (based on the non-directive provision and section 1554) or the constitutional claims. And as to the arbitrary-and-capricious claims, it is highly likely that the Ninth Circuit's decision will significantly narrow—or perhaps effectively resolve—those claims for the reasons given above.

*Fourth*, the California Court observed that the Plaintiffs there asserted constitutional claims in their complaints that were not raised at the preliminary injunction stage (which is also true here). California Order at 3. But there is no reason to require wasteful and duplicative litigation of *these entire cases* merely to address claims so meritless that Plaintiffs did not even bother to assert them in their preliminary injunction papers. *At most*, this consideration might justify limited briefing now on these claims only while a broader stay remains in place. But the far better course is to simply stay the whole case. Indeed, this Court previously observed that many of Plaintiffs' constitutional claims are clearly foreclosed by *Rust*. MTD Hrg. Transcript at 140:3-12.[5]

---

[5] In any event, the appeal need not "settle every question of . . . law" to justify a stay, so long as it will streamline the Court's merits review and conserve judicial resources by "settl[ing] some issues" and "simplify[ing] others." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936); *see also Manriquez v. DeVos*, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018) (granting stay in substantial part pending appeal of preliminary injunction, even though the appeal did not address "all of the claims alleged by Plaintiffs," because "resolution on appeal has the potential to narrow the claims before the Court").

*Fifth*, the California Court contended that "[d]elaying the ultimate resolution of the Final Rule's lawfulness would expose Plaintiffs to . . . harm if the Ninth Circuit dissolves the preliminary injunction and the final adjudication of this case is delayed because of an extended stay."  California Order at 3.  But respectfully, this begs the question in that it assumes that the Ninth Circuit's forthcoming decision will not effectively *resolve* the merits issues in these cases. For the reasons given above, that outcome is virtually certain as to many of the issues in these cases, and quite likely as to the cases as a whole.  Again, Plaintiffs cannot be "harmed" in failing to conduct proceedings now that will likely be academic once the Ninth Circuit issues its decision.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for a stay of district court proceedings pending final resolution of Defendants' appeal.

Dated:  July 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*Andrew M. Bernie*
ANDREW M. BERNIE (DC Bar No. 995376)
R. CHARLIE MERRITT (VA Bar No. 89400)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 616-8488
Fax: (202) 616-8470
andrew.m.bernie@usdoj.gov
robert.c.merritt@usdoj.gov

*Attorneys for Defendants*